**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Wendkouni Wilfried Arnold Zongo, | Case No. 21-cv-676 (PAM/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Merrick B. Garland, Acting Attorney General, Department of Justice; Alejandro Mayorkas, Secretary, Department of Homeland Security; Tad E. Johnson, Acting Director, Immigration and Customs Enforcement; Marcos Charles, Director, St. Paul Field Office, Immigration and Customs Enforcement; Joel Brott, Sheriff, Sherburne County Jail, | |
| Respondents. | |

HILDY BOWBEER, United States Magistrate Judge

On March 9, 2021, Petitioner Wendkouni Wilfried Arnold Zongo, pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pre-removal detention by U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1226(a). (Pet. [ECF No. 1], as amended, Am. Pet. [ECF No. 19].) Regardless of the merits of that petition when filed, subsequent events have mooted the controversy, and the Court recommends that the petition be dismissed.

**I.    BACKGROUND**

Zongo, a native of the Ivory Coast and citizen of Burkina Faso, entered the United States on August 10, 2016, on a F-1 student visa to attend Globe University-Minneapolis.

1

(Am. Pet. ¶ 8.)  The Student and Exchange Visitor Information System ("SEVIS") indicates that Zongo withdrew from Globe University without authorization on September 6, 2016, leading to the termination of Zongo's student status.  (Pet. Ex. 3 [ECF No. 27-1 at 22]; Van der Vaart Decl. ¶ 5 [ECF No. 12].)

On June 5, 2017, Zongo, by and through counsel, filed Form I-589 Application for Asylum and Withholding of Removal with the United States Citizenship and Immigration Service ("USCIS").  (Pet. Ex. 1 [ECF No. 27-1 at 1].)  USCIS received the application and indicated that Petitioner could remain in the United States until his asylum application was decided.  (Pet. Ex. 2 [ECF No. 27-1 at 19].)  USCIS never completed the asylum application.

On August 7, 2020, the Hennepin County Attorney's Office charged Zongo with felony theft of over $30,000 from his former employer.  *State v. Zongo*, No. 27-CR-20-17280 (Hennepin Cnty Dist. Ct.).  (Gvt. Ex. F [ECF No. 12-2 at 49].)  While in state custody, Deportation Officer L. Lockman encountered Zongo on August 25, 2020.  (Gvt. Ex. A [ECF No. 12-2 at 2-3].)  That day, Immigration Officer Dustin J. Halverson issued a warrant of arrest for Zongo because

> biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removeable under U.S. immigration law . . .

(Gvt. Ex. G [ECF No. 12-2 at 54].)  Zongo subsequently posted bond on September 2, 2020, but instead Carver County Jail officials turned Zongo over to ICE.  (Am. Pet. ¶ 25; Gvt. Ex. F; Gvt. Ex. A).

2

On September 3, 2020, Officer J. Anderson executed the arrest warrant and served Zongo with a Form I-862 Notice to Appear and a Form I-286 Notice of Custody Determination. (Gvt. Exs. B [ECF No. 12-2 at 6], H [ECF No. 12-2 at 55].) The Notice to Appear initiated removal proceedings based on Zongo's failure to maintain or comply with the conditions of the nonimmigrant status under which he was admitted, i.e. attend Globe University. (Gvt. Ex. B.) Pursuant to 8 C.F.R. § 236.1, Officer Halverson made the initial determination not to allow release on bail. (Gvt. Ex. H.) ICE brought Zongo to its headquarters in Bloomington, Minnesota, before being sending him to the Sherburne County Jail.

Zongo retained counsel and sought a bond hearing from an immigration judge ("IJ") pursuant to 8 C.F.R. § 236.1(c). (Van der Vaart Decl. ¶ 14; Gvt. Ex. H.) On September 21, 2020, IJ Audrey Carr conducted a bond hearing as requested by Zongo and summarily denied the request for a change in custody status based on Zongo's flight risk and danger to the community. (Gvt. Ex. *I* [ECF No. 12-2 at 58].) On October 26, IJ Sarah Mazzie held a second bond hearing and denied bond because there was no change in circumstances. (Gvt. Ex. J [ECf No. 12-2 at 60].)

Thereafter, Zongo filed several continuances of his merits hearing and a "redlined" amended asylum application, converting his affirmative application into a defensive application. (*See* Gvt. Ex. C at 14 [ECF No. 12-2 at 10, 24].) IJ Sarah Mazzie heard the merits on Zongo's removal and applications for relief on December 21, 2020, and January 20, 2021. (Gvt. Ex. C at 2; Van der Vaart Decl. ¶ 19.) IJ Mazzie denied asylum, withholding of removal, and relief under the Convention Against Torture and ordered

3

Zongo removed.  (Gvt. Ex. C.)  Zongo filed a timely notice of appeal as to the denial of relief, but it was initially rejected for failure to pay the filing fee.  (Pet. Ex. 1 to 2d Mot. Expedite at 4 [ECF No. 31-1].)  He filed a corrected appeal, which was accepted as of June 28, 2021.  (*Id.*)

Pending appeal, Zongo filed his habeas petition.  Zongo believed his detention in Sherburne County Jail was contrary to the freedom from unreasonable seizures under the Fourth Amendment, and the due process clause, freedom from self-incrimination, and guarantee of equal protection of the laws enshrined in the Fifth Amendment. (Am. Pet. at 20-21.)  Zongo asked, in the alternative, for 1) an evidentiary hearing, 2) immediate release, 3) conditional release under 8 C.F.R. § 241.5, or 4) a bond re-determination hearing before an IJ where "Respondents shall bear the burden of proof by clear and convincing evidence as to why Petitioner should be kept in detention."  (*Id.* at 22.)

Since Zongo filed his petition, there have been several developments in his immigration appeal and custodial status.  First, as of November 18, 2021, the Board of Immigration Appeals dismissed Zongo's appeal and affirmed the order of removal.  (Gvt. Suppl. Resp. at 1 [ECF No. 36].)  As a result, Zongo's detention under 8 U.S.C. § 1226(a) converted to detention under 8 U.S.C. § 1231.  *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (upholding mandatory detention during the first 90-day removal period and deeming presumptively reasonable detention of up to six months).  Second, ICE released Zongo on December 9, 2021 (Robinson Suppl. Decl. ¶ 1 [ECF No. 41]), under an order of supervision [ECF No. 41-2]. As a result, Zongo is no longer in custody.

4

## II.   ANALYSIS

The Respondents argue Zongo's release moots the present petition. [ECF No. 40.] Zongo argues the petition is not moot because he intends to file a motion to reconsider/reopen his appeal to the Board of Immigration Appeals. [ECF No. 39 at 1.] He indicates respondents plan to remove him from the United States without first acting on his motion to reconsider, and, in the alternative, asks this Court for leave to file an amended habeas petition so that he may seek "a stay of removal pending decision on his underlying Motion to Reconsider." (*Id.*)  The Court will address mootness before turning to the proposed amended petition.

### A.   Mootness

Zongo's present petition for a writ of habeas corpus is moot. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (internal quotation omitted). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* at 723-24 (cleaned up). Zongo's release from ICE custody under an order of supervision mooted his challenge to the legality of his prior detention because even if the Court concluded that his request for relief was meritorious, the Court cannot offer any further relief.[1] *See id.* at 724 (collecting cases where petitioner's release from detention under an

---

[1] The Court acknowledges Respondents previously argued that the denial of Petitioner's appeal to the Board of Immigration Appeals mooted his habeas petition (*see generally*

5

order of supervision rendered a habeas petition moot).

However, because Zongo was in custody when he filed his petition for a writ of habeas corpus, his subsequent release from custody does not automatically moot his petition in the Article III sense. *See id.* at 724 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Courts have recognized four exceptions to mootness where (1) secondary or collateral consequences persist despite resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit. *See Sayonkon v. Beniecke*, Case No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2-5 (D. Minn. Apr. 17, 2012) (quoting *Riley v. INS.*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

The first exception applies where a petitioner challenging his original criminal conviction is released, or his sentence expired, but the petitioner still suffers from the "collateral consequences" of that conviction. *See Spencer,* 523 U.S. at 7-8. Zongo does not identify or challenge any collateral consequences of his detention. At least one court has recognized that conditions of supervision, which flow from the final order of removal rather than any prior confinement, are not collateral consequences that prevent a controversy from becoming moot in this context. *Sayonkon*, 2012 WL 1621149, at *3. As a result, the exception does not apply.

The second exception is where the issue raised is one that is capable of repetition

---

Gvt. Suppl. Resp.) but declines to comment on the merits of that argument given Petitioner's subsequent release.

yet evading review.  The exception is narrow and applies only where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 17-18 (alterations in original).  Nothing in the record suggests Zongo risks another pre-removal-order detention, therefore this exception does not apply.

The third exception to mootness—where the Respondents are free to resume an illegal practice voluntarily ceased—is of general concern in any case where an alien detainee is voluntarily released.  *See Riley*, 310 F.3d at 1257.  Nevertheless, for the exception to apply, it must be clear that the respondents released Petitioner in order to deprive this Court of jurisdiction.  *See Sayonkon*, 2012 WL 1621149, at *4.  When Zongo's final order of removal became final upon denial of the appeal by the Board of Immigration Appeals, the Respondents affirmatively represented that "[p]ursuant to 8 U.S.C. § 1231, Zongo *must* be detained during the first 90-day removal period."  (Gvt. Suppl. Resp. at 2 (emphasis added).) Yet, two days after Respondents filed that statement—and certainly less than 90 days after the order became final—ICE released Zongo, and the Respondents have not suggested they plan to take Zongo back into custody or that his release was in error.  *See Ali*, 419 F.3d at 723 (recognizing, but not deciding, potential constitutional mootness even if petitioner was released in error).  The Court therefore finds that this exception does not apply.

The final exception applies only to class actions, which is patently inapplicable to Zongo's individual habeas petition.

7

Zongo's argument that the petition is not moot because of his soon-to-be-filed motion for reconsideration ignores the fact that he has been released and Respondents do not have any plans to take him back into custody. The habeas petition sought his release (Am. Pet. at 22), which ICE has given. The Court cannot give more, and therefore, the Court concludes that the petition is moot.

### B.     Amendment

Zongo's proposed amended petition for habeas corpus would be futile. A petitioner for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999). Rule 15 of the Federal Rules of Civil Procedure provides that once a response has been filed "a party may amend its pleading only with the opposing party's written consent or the court's leave."

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 183 (1962). Futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). That said, "a pro se complaint, even 'inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers,' and can only be dismissed if the plaintiff fails to allege sufficient facts to state a facially plausible claim to relief." *Rinehart v. Weitzell*, 964,

8

F.3d 684, 687 (8th Cir. 2020), quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

A federal court has jurisdiction to adjudicate a § 2241 petition when two requirements are met: (1) the petitioner is "in custody," and (2) the custody violates "the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1982); *see* 28 U.S.C. § 2241(c)(3). Zongo is not in custody, and his proposed amended petition would not challenge any custodial status. Rather, the proposed amended petition would seek a stay of removal pending his motion to reconsider. The relief petitioner seeks is not habeas relief, and the Court is without jurisdiction to consider the stay. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Nicholas L.L. v. Barr*, Case No. 19-cv-02543 (ECT/TNL), 2019 WL 4929795, at *3-4 (D. Minn. Oct. 7, 2019) (collecting numerous cases holding that requests for a stay of removal constitutes a challenge to a removal order prohibited under 1252(g)); *see also* 28 C.F.R. § 1003.2(f) ("[T]he filing of a . . . motion to reconsider shall not stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the Immigration Judge, or an authorized officer of the Service."). Therefore, granting leave to file the proposed amended petition would be an exercise in futility, and the request should be denied.

### III.   RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

9

**IS HEREBY RECOMMENDED** that:

1. The amended petition for a writ of habeas corpus of petitioner Wendkouni Wilfried Arnold Zongo [ECF No. 19] be **DISMISSED** as moot.

2. Petitioner Zongo's request for leave to file an amended petition for a writ of habeas corpus [ECF No. 39] be **DENIED**.

3. Petitioner's Motions to Expedite Consideration [ECF Nos. 28, 30] be **DENIED** as moot.

Dated: December 16, 2021                    */s Hildy Bowbeer*
                                            Hildy Bowbeer
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).